JOSHUA C. HAYS, Appellant, *v.* ISAAC S. WARREN, Respondent.

1. *Marking initials — Agency — Liability — Bailments — Goods sold on commission, mistake in.* — In suit for the proceeds of certain goods forwarded defendants for sale on commission, where it appeared that through inadvertence plaintiff's agent marked them with the initials of the wrong consignor, and that, consequently, defendant paid the proceeds of the sale to the wrong person, plaintiff would not be entitled to recover. And evidence would be admissible to show that plaintiff had been well known by a name bearing other initials than those marked on the goods.

*Appeal from St. Louis Circuit Court.*

*Hudgens & Son,* for appellant.

I. A commission merchant or warehouseman is bound to know his principal, and if he sells goods and pay the proceeds to the wrong party, either by mistake or negligence, he is still liable to the true owner. (Dufour v. Mepham, 31 Mo. 577 ; Edw. on Bail. 286 ; Willard v. Bridge, 4 Barb. 361 ; Sto. on Bail., § 450.)

II. The admission of testimony as to how Joshua Craig Hays and Christopher Hays were known in their neighborhood was irrelevant to the issue as to who was the true owner of the hemp, and its proceeds and its admission were error, and formed the basis of the instruction given by the court, which also erred.

*Crews & Laurie,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

The defendants are commission merchants doing business in St. Louis, and, as such, received from the plaintiff certain consignments of hemp, which they sold and disposed of in the usual course of business. This suit is brought to recover the proceeds of sixty-six bales of this hemp, which the plaintiff claims have never been accounted for. The judgment below was adverse to the claim, and the plaintiff brings the cause here by appeal.

As matter of law, it is contended by the plaintiff that a commission merchant is bound to know his principal, and that if he pays the proceeds of sales of goods consigned to him to the wrong party, through negligence or mistake, he will, notwith-

standing such payment, be accountable to the true owner; and so the court, for substance, declared the law to be. I fail to see, therefore, that the plaintiff has any cause of complaint on that ground. But the plaintiff's legal proposition, as also the instructions of the court embodying the principle contended for, fails to present, with directness, the real turning point of the case. That point was not whether the defendant had paid to the true owner, or whether he had made a mistake as to the true owner, but whether he was warranted in paying the money to the party who in fact received it. That the money was paid to the plaintiff's brother, Christopher Hays, does not appear to be a matter of dispute.

The case shows that both these brothers were hemp producers of Lafayette county, Missouri; that they consigned their productions to the defendants for sale on commission, both shipping from the same point in Lafayette county, and through the same warehouseman. There was also evidence tending to show that the plaintiff, a short time before the shipments in question, called on the defendants in St. Louis and informed them that his agent at Waverley, Barnett, would forward his hemp for sale, marked "J. C. H." "J. C. H. F.," such marks indicating that the hemp so marked was his and should go to his credit. It further appeared that Barnett, inadvertently or otherwise, shipped a portion of the plaintiff's hemp with the marks "C. H." and "C. Hays" upon it, and that the bill of lading contained a direction to the effect that the hemp marked "C. H." and "C. Hays" was for account of C. Hays; that the defendants received and treated the hemp as the property of Christopher Hays, and that they paid over the proceeds to him accordingly. The court admitted evidence over the plaintiff's objections which tended to show that the plaintiff was well known to the defendants, and had been for many years, as J. C. Hays, his name being Joshua Craig Hays, and that he was so known and recognized in the community where he resided in Lafayette county; that the plaintiff's brother was also well known to the defendants, and in Lafayette county, as C. Hays, or Christopher Hays, being sometimes called "Kit," or "Kit Hays;" that the plaintiff's agent,

Barnett, was fully aware of these facts, and that he shipped the plaintiff's hemp to the defendant with a full knowledge of the names and designations under which the two brothers were known.

We think this evidence was competent as tending to show who was at fault in the transaction, and the true source and origin of the difficulty which the case discloses. The evidence being admissible, it was proper to base an instruction upon it, to the effect that if the plaintiff's agent shipped the hemp to the defendants for account of C. Hays, marked and designated as already stated, having good reason to know that the defendants would understand such marks and directions as pointing to Christopher Hays as the owner of the hemp, and entitled to its proceeds, and that they would be likely to deal with the hemp and proceeds upon that supposition, in consequence of such marks and bill of lading directions, then the finding should be for the defendants, provided the other hypothecated facts were also found to be true. The theory of law propounded in the instruction is reasonable and just. The practical effect of an opposite view would be to subject consignees to fraud and imposition most unreasonably. The whole difficulty disclosed in the case before us manifestly originated with the plaintiff's agent at Waverley; and the plaintiff, not the defendants, is responsible for his acts.

I think the judgment should be affirmed. The other judges concur.